**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William McGhee, et al., | No. CV-24-03394-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| J.E.T. Limousines & Transportation LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' "Motion to Compel Compliance with Third-Party Subpoena and Discovery Obligations."[1] (Doc. 195.) At issue in the instant Motion is whether Defendants, by asserting a 29 U.S.C. § 260 good faith reliance defense to liquidated damages based upon its former counsel's advice on Fair Labor Standards Act ("FLSA" or "Act") Motor Carrier Act exemptions, have implicitly waived its attorney-client privilege as to all communications and documents related to that advice—both pre- and post-initiation of the instant action. (*Id.*) In other words, whether Defendants' good faith reliance defense based on advice rendered before this case was filed by Defendants' prior counsel requires the disclosure of all attorney communications rendered on the subject-matter of the advice, even if they were created after this action commenced. (*Id.*)

Defendants and Movant Sacks Tierney P.A. (Defendants' prior litigation counsel) have filed responses in opposition to Plaintiffs' Motion. (Docs. 197, 198.) Defendants assert that Plaintiffs' request is overbroad and unsupported by Ninth Circuit caselaw. (Doc.

---

[1] Discovery matters in this action have been referred to this Court by the presiding United States District Judge. (Doc. 55.)

198.) Movant asserts that Plaintiffs should have first gained court guidance on the matter of privilege waiver and attempted to obtain the requested discovery before seeking to obtain the communications from it. (Doc. 197.) Moreover, Movant requests sanctions be placed upon Plaintiffs because their subpoena inflicted "significant and unnecessary burden, lost time, and expense" upon Movant. (*Id.* at 4.)

## I.    SUMMARY.

Defendants have undertaken two courses of conduct that have waived their attorney-client privilege as to advice rendered on the Motor Carrier Act ("MCA") exemption to the FLSA's overtime wage requirement. First, Defendants have expressly waived the attorney-client privilege as to all Zazueta Law Firm communications and documents given to Plaintiffs. Second, Defendants have affirmatively asserted an advice-of-counsel defense based on Zazueta Law Firm's 2021 advice on the MCA exemption. This defense has implicitly waived the attorney-client privilege as to all business-practice advice rendered on the MCA exemption. This includes any advice on the MCA exemption rendered by Defendants' past and current trial counsel, that, in all fairness, must be provided to Plaintiffs.

Given Defendants' waiver of the attorney-client privilege as to advice rendered on the MCA exemption, the Court shall grant the instant Motion in part. This finding is caveated in that Defendants have only waived the attorney-client privilege as to any and all advice received on the MCA exemption to the FLSA's overtime wage requirements. Put differently, fairness requires the disclosure of opinions or advice on the applicability of MCA exemption to certain class members, not the disclosure of trial counsel's communications on the entire subject matter in preparation for the instant litigation—*i.e.*, business advice does not equate to litigation advice. Furthermore, because the Court does not find that Plaintiffs issued the subpoena in bad faith or for an improper purpose, it will deny Movant's request for Rule 45 sanctions.

## II.    BACKGROUND.

On November 29, 2024, Plaintiffs initiated this FLSA class-action suit. (Doc. 1.)

Plaintiffs allege that Defendants violated the FLSA and Arizona wage-and-hour laws by failing to pay overtime to non-exempt putative class members,[2] unlawfully retaining customer-paid gratuities, and failing to maintain required payroll and time records. (Doc. 59 at 2–3.) Plaintiffs aver that the aforementioned violations of the FLSA and Arizona labor laws have occurred since at least 2021. (*Id.* at 2.)

Specifically at issue in the instant Motion is Defendants' alleged failure to pay overtime to non-exempt putative class members. (Doc. 195.) Plaintiffs allege that Defendants' failure to pay overtime—alongside their alleged failure to give customer-paid gratuities and maintain payroll and time records—was willful, entitling them to liquidated damages and a three-year statute of limitations 29 U.S.C. §§ 216(b), 255(a). (*Id.* at 2.) Regarding the FLSA's liquidated damages provision, 29 U.S.C. § 216, if an employer, "to the satisfaction of the court," shows that violation of the Act "was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . the court may . . . award no liquidated damages[.]" 29 U.S.C. § 260. Given that the good faith reliance defense may prevent liquidated damages for Defendants' alleged failure to pay overtime to non-exempt putative class members, Plaintiffs propounded the following non-uniform interrogatory upon Defendants:

> **NON-UNIFORM INTERROGATORY NO. 6**: Please describe in detail all efforts by, or on behalf of, Defendants to determine whether Drivers legally can be classified or treated as exempt from the overtime requirements of the [FLSA]. Describing the efforts made includes identifying the person who made the effort(s), the date(s) each such effort(s) were taken, and identifying all persons contacted, including attorneys, if any, and identify all documents generated, reviewed, or considered as part of each such effort(s).

(Doc. 195-2 at 75–76.)

Defendants' response, in pertinent part, states:

> In 2021, JET received an attorney letter regarding unpaid overtime claims by a departed employee[.] JET was referred to the Zazueta Law Firm, whose response thereto has been produced as JET_0000169-71.[3] JET's success in

---

[2] "Plaintiffs and Class Members are current and former employees of Defendants who work or have worked for Defendants as chauffeur drivers." (Doc. 59 at 2.)

[3] The attorney letter in question from the Zazueta Law Firm states that "it is

contesting these claims reaffirmed the decades of experience and practice supporting the classification of JET's employees as being subject to the [MCA] exemption[4] from overtime.

(*Id.* at 78.)

Based upon the response and enclosed exhibit, Plaintiffs propounded a request for admission that requested Defendants to "[a]dmit that You are asserting reliance on the advice of counsel as a defense to Plaintiffs' claims that the alleged violations of the [FLSA] were willful, or as a basis for any contention that You acted in good faith within the meaning of 29 U.S.C. § 260." (*Id.* at 115.) At first Defendants, although they admitted to relying upon the advice-of-counsel defense, objected to Plaintiff's request for admission. (*Id.* at 116.)

Following Defendants' admission, Plaintiffs served a subpoena *duces tecum* upon Movant issuing the following Commands for Production:

**COMMAND FOR PRODUCTION NO. 1**: Produce all documents and communications related to the classification of Drivers as either exempt or non-exempt from the overtime requirements of the [FLSA] and related Department of Labor regulations. This request includes, without limitation, all documents and communications authored by, sent to, received by, or otherwise involving any Sacks Tierney Attorneys.

**COMMAND FOR PRODUCTION NO. 2**: Produce all documents and communications reviewed, generated, or considered in providing advice to Defendants related to or concerning the classification of Drivers as either exempt or non-exempt from the overtime requirements of the [FLSA]. This request includes, without limitation, all such materials reviewed, generated, considered, or relied upon by any Sacks Tierney Attorneys.

**COMMAND FOR PRODUCTION NO. 3**: Produce all internal memoranda, research, analyses, notes, drafts, or other materials prepared by any Sacks Tierney Attorneys relating to the classification of Drivers as either

---

irrefutable that Willie falls squarely within the FLSA's motor-carrier exemption, and consequently was not entitled to overtime pay while employed with JET." (Doc. 195-2 at 97.)

[4]    "The [maximum hours provision] of this title shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]" 29 U.S.C. § 213(b)(1).

exempt or non-exempt from the overtime requirements of the [FLSA], whether or not such materials were transmitted to Defendants.

(*Id.* at 171.)

Movants objected to Plaintiffs' subpoena in its entirety. (*Id.* at 174.) Additionally, Defendants subsequently filed a supplemental response to Plaintiffs' request for admission. (*Id.* at 189.) In the supplemental response, Defendants provided a qualified admission whereby they admitted to asserting an advice-of-counsel defense that "is limited to, and only to, the advice of counsel provided to JET from the Zazueta Law Firm in 2021." (*Id.* at 189.) Following Movant's objection and Defendants' supplemental response, Plaintiffs filed the instant discovery Motion. Seeing as this matter is fully briefed, (docs. 195, 197–98, 202), and having heard oral arguments from the parties, (doc. 237), the Court shall address instant Motion.

## III.   PARTIES' ARGUMENTS.

The arguments asserted by the parties, both during oral proceedings and in their written submissions, are provided below.

### A. Plaintiffs.

Plaintiffs assert four arguments in support of their Motion. First, Plaintiffs assert that Defendants' advice-of-counsel defense results in a subject-matter waiver of the attorney-client privilege as to all advice it has received as to the MCA exemption on overtime wages.[5] (Doc. 195 at 7–8.) Second, Plaintiffs assert that the attorney-client privilege is waived as to all counsel Defendants have relied upon. (*Id*. at 8–11.) That is, Defendants must provide the totality of documents prepared by any counsel related to the MCA exemption, not just Zazueta Law Firm. (*Id.*)

Third, Plaintiffs assert that the waiver of the attorney-client privilege applies to both pre- and post-litigation communications. (*Id.* at 11.) Hence, Plaintiffs assert that the waiver

---

[5]   The Court notes that in Plaintiffs' Motion, it asserts that the waiver applies to all of Defendants' alleged violations, not just the overtime wages violation. (Doc. 195 at 13–16.) However, Plaintiffs, during their oral argument, only assert that it applies to the alleged violation of FLSA's overtime wages provisions. Given that Plaintiffs have abandoned their waiver argument as to all of Defendants' alleged violations, the Court shall only address the overtime wage argument.

applies to Defendants' former counsel Zazueta Law Firm and Sacks Tierney P.A. and their current counsel Fennemore Craig, P.C. (*Id.*) Finally, Plaintiffs assert that Defendant J.E.T. Limousines & Transportation LLC's ("JET") post-filing change in procedure and policy "fall squarely within the scope of the subject-matter waiver."[6] (*Id.* at 16.)

**B. Defendants**.

Defendants assert five arguments in opposition of Plaintiffs' Motion. First, Defendants assert that "JET's advice-of-counsel defense is expressly and narrowly limited to the pre-litigation advice it received from Zazueta Law in 2021 regarding the MCA exemption and JET's resulting good-faith belief concerning its driver classification." (Doc. 198 at 4.) Expanding this filing any further, Defendants contend, would have no basis nor "support in controlling law." (*Id.* at 5.) Second, Defendants assert that "neither JET nor its trial counsel have 'injected' the advice of Sacks Tierney or Fennemore into this lawsuit." (*Id.* at 7) (cleaned up). Third, Defendants assert that in similar cases, courts have not required the disclosure of post-filing attorney-client communications. (*Id.* at 8–12.)

Fourth, Defendants assert that the information Plaintiffs seek is not vital to this case. (*Id.* at 12–13.) Fifth, Defendants assert that "evidence related to changes JET made to its pay plan in December 2025 is irrelevant and inadmissible under FRE 407." (*Id.* at 15–16) (cleaned up).

**C. Movant**.

Movant assert two main arguments in opposition of Plaintiffs' Motion. Namely, Movant asserts that "the Motion to Compel should be denied as to [it] "Because (1) the Same Documents Can be Obtained Directly from Defendants; and (2) the Burden Imposed on [it]." (Doc. 197 at 9.) Additionally, Movant seeks the imposition of sanctions upon Plaintiffs in the form of "reimbursement for the needless expense of its firm's resources which could have been avoided by a more procedurally sound and respectful course of conduct." (*Id.* at 13.)

---

[6] The Court notes that Plaintiffs' Reply largely mirrors their Motion. *Compare* (doc. 202) *with* (doc. 195). Given this, the Court has not summarized the points contained within the Reply.

- 6 -

#### IV.    LEGAL STANDARDS.

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is *relevant*[7] *to any party's claim or defense and proportional to the needs of the case . . . .*" Fed. R. Civ. P. 26(b)(1) (emphasis added).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

Generally, the party seeking to compel additional discovery bears the burden of showing that the additional discovery is relevant under Rule 26(b)(1). *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter, the opposing party carries "a heavy burden" in showing why such discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

#### V.    DISCUSSION.

The crux of the instant Motion is whether Defendants, by asserting an advice-of-counsel defense, have implicitly waived the attorney-client privilege as it relates to that defense. Pursuant to 29 U.S.C. § 216, an employer who violates the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, . . . and . . . an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). "These liquidated damages represent compensation, and not

---

[7]    Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

a penalty." *Local 246 Util. Workers Union v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996). "Double damages are the norm, single damages the exception." *Id.* (quoting *Walton v. United Consumers Club*, 786 F.2d 303, 310 (7th Cir. 1986)).

While a court may grant liquidated damages under the Act, it is not required to do so if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA.]" 29 U.S.C. § 260. "To satisfy § 260, a FLSA-liable employer bears the 'difficult' burden[8] of proving both subjective good faith[9] and objective reasonableness, 'with double damages being the norm and single damages the exception.'" *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003) (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 142 (2d Cir. 1999)). "Absent such a showing, liquidated damages are mandatory." *EEOC v. First Citizens Bank*, 758 F.2d 397, 403 (9th Cir. 1985).

In the instant action, Defendants have admitted that they intend to use a good faith reliance on the advice of counsel advice as a defense to liquidated damages as to Zazueta Law Firm's advice on the MCA exemption to overtime wages. (Doc. 195-2 at 189.) While Defendants acknowledge that by relying on the defense, they have waived their attorney-client privilege as to communications with Zazueta Law Firm regarding its advice rendered in 2021, they contend that "[e]xtending [the] waiver beyond those bounds would improperly strip JET of privilege over unrelated communications and litigation strategy[.]" (Doc. 198 at 16–17.) Plaintiffs aver that Defendants have waived the attorney-client privilege as to all communications related to the advice-of-counsel defense, regardless of whether they were made pre- or post-filing of the instant action. (Doc. 195 at 8–10.)

For the following reasons, the Court finds that Defendants have waived the attorney-client privilege as to all communications regarding the Defendants' advice of counsel as it relates to the MCA exemption to overtime wages. This includes any communications from

---

[8] "The employer's burden is to establish that it had 'an honest intention to ascertain and follow the dictates of the Act' and that it had 'reasonable grounds for believing that its conduct complied with the Act.'" *Local 246 Util. Workers Union*, 83 F.3d at 298 (cleaned up) (quoting *Marshall v. Brunner*, 668 F.2d 748, 753 (3d Cir. 1982)).
[9] "Good faith is an honest intention to ascertain what the [Act] requires and to act in accordance with it." *First Citizens Bank*, 758 F.2d at 403.

Sacks Tierney or Fennemore as to the MCA exemption to overtime wages made post-filing of the instant action. However, this waiver of the attorney-client privilege does not "extend[] to all communications, documents, and attorney work product bearing on the legality of the challenged wage-and-hour practices, including overtime compensation, recordkeeping obligations, and gratuity retention." (*Id.* at 13–14.) Rather, the waiver of the attorney-client privilege shall be applied with the following caveat. Given that Defendants' advice-of-counsel defense is limited to advice received as to the MCA exemption to overtime wages, (doc. 195-2 at 189), the waiver of the attorney-client privilege shall be limited to any communications and documentation related to their classification of drivers as exempt to the FLSA's dictate of overtime wages.

**A. Implied Waiver of Attorney-Client Privilege**.

The Court first considers whether Defendants, by asserting an advice-of-counsel defense, has implicitly waived its attorney-client privilege. "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice as well as an attorney's advice in response to such disclosures." *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996) (cleaned up) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992)). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Because this case is based on the FLSA, federal privilege law applies. *See* Fed. R. Evid. 501; *see also NLRB v. N. Bay Plumbing*, 102 F.3d 1005, 1009 (9th Cir. 1996) ("In federal question cases, federal privilege law applies.").

The "party asserting the attorney-client privilege has the burden of establishing the relationship and the privileged nature of the communication." *United States v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997). "One of the elements that the asserting party must prove is that it has not waived the privilege." *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). The privilege may be explicitly or implicitly waived. *See Rock River Commc'n, Inc. v. Universal Music Grp., Inc.*, 745 F.3d 343, 353 (9th Cir. 2014).

- 9 -

"The privilege which protects attorney-client communications may not be used both as a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)). "Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009) (quoting *Chevron Corp.*, 974 F.2d at 1162). In the Ninth Circuit, courts apply the following three-part test to determine whether an implied waiver of the attorney-client privilege has occurred:

> First, the court considers whether the party is asserting the privilege as the result of some affirmative act, such as filing suit. Second, the court examines whether through this affirmative act, the asserting party puts the privileged information at issue. Finally, the court evaluates whether allowing the privilege would deny the opposing party access to information vital to its defense.

*United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999) (cleaned up) (quoting *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1326 (9th Cir. 1995)). "[A]n overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party." *Home Indem. Co.*, 43 F.3d at 1326.

The Court first considers whether Defendants have asserted the attorney-client privilege as the result of an affirmative act. Here, Defendants have explicitly admitted that they intend to rely upon the affirmative defense of advice of counsel to rebut that their alleged violations were willful. (Doc. 195-2 at 189.) Given that Defendants are affirmatively relying upon the advice-of-counsel defense in this action, they have, in fact, asserted the attorney-client privilege as the result of an affirmative act.[10]

Next, the Court considers whether Defendants have placed privileged information at issue in this action. "The 'quintessential example' is a defendant who raises an affirmative defense that he relied on the advice of counsel, and is thereby deemed to have

---

[10] *See Sorensen v. Black & Decker Corp.*, No. 06cv1572-BTM (CAB), 2007 U.S. Dist. LEXIS 26335, at *7 (S.D. Cal. Apr. 9, 2007) ("The privilege is waived only when a party chooses to utilize the information to advance a claim or defense.").

waived the attorney-client privilege with respect to that advice." *United States ex rel. Calilung v. Ormat Indus.*, No. 3:14-cv-00325-RCJ-VPC, 2016 U.S. Dist. LEXIS 100292, at *11 (D. Nev. Aug. 1, 2016) (citation omitted). To put the advice of counsel at issue, a "[d]efendant ***must*** support its good faith defense by citing the advice of counsel[.]" *McKeen-Chaplin v. Provident Sav. Bank, FSB*, No. 2:12-cv-03035 GEB AC, 2015 U.S. Dist. LEXIS 14143, at *24 (E.D. Cal. Jan. 4, 2015) (emphasis added).

In the instant action, Defendants have acknowledged that they intend to assert the advice-of-counsel defense as to legal advice received on the MCA exemption to overtime wages. (Doc. 195-2 at 189.) By asserting this defense to rebut a finding of willfulness, (*id.*), Defendants have placed their scienter at issue—*i.e.*, Defendants have placed their knowledge of whether their classification complied with the Act 'at issue.'

This is akin to situation in *Phelps v. MC Communications, Inc*, No. 2:11-cv-00423-PMP-VCF, 2013 U.S. Dist. LEXIS 101965 (D. Nev. July 19, 2013). In that case, the defendants, in defense to Plaintiff's FSA claims, raised two affirmative defenses: (1) "that [d]efendants at all times had a good faith and reasonable belief that it had compensated [p]laintiff in accordance with the FLSA"; and (2) "that any alleged violation of the FLSA was not willful[.]" *Phelps*, 2013 U.S. Dist. LEXIS 101965, at *37. While the defendants in *Phelps* asserted to the contrary, the court found that the defendants relied upon the advice of counsel regarding their obligations under the Act. *Id.* at 41–43, 58–59; *Harris v. 68-444 Perez*, No. ED CV 19-2184-JGB (SPx), 2020 U.S. Dist. LEXIS 253383, at *21 (C.D. Cal. Sep. 8, 2020) ("But in *Phelps*, it was clear that defendants in that case relied on the advice of counsel regarding their obligations under the FLSA[.]"). The court found that:

> [d]efendants, through these affirmative defenses, put their state of mind and their knowledge regarding the FLSA, its requirements, and their obligations 'at issue.' Any communication between defendants and counsel regarding conduct relating to the allegations in this action which could arguable form the basis for defendants' 'reasonable belief' that they were acting in 'good faith' and did not intentionally violate the FLSA, would have a direct bearing on the viability of defendants' affirmative defenses. The court finds, therefore, that the 'at issue' exception applies.

*Phelps*, 2013 U.S. Dist. LEXIS 101965, at *59 (citation omitted).

Similarly here, Defendants have placed their state of mind at issue by asserting an advice-of-counsel defense to any allegedly willful violation of the FLSA. Hence, any communication between Defendants and their counsel that formed Defendants' belief that they were, in good faith, following the FLSA, has been placed at issue.[11]

Finally, the Court considers whether allowing the privilege would deny the opposing party access to information vital to its defense. Because Defendants are expressly relying upon the advice of counsel to rebut willfulness under the Act, (doc. 195-2 at 189), Defendants' "knowledge about the law is vital, and the advice of counsel is highly relevant to the legal significance of its conduct." *Calilung*, 2016 U.S. Dist. LEXIS 100292, at *14–15 (citation omitted). By affirmatively asserting an advice-of-counsel defense and placing attorney-client communications at issue, it appears clear to the Court that allowing the attorney-client privilege to remain would prevent Plaintiffs from accessing vital information. *Cf. Goro v. Flowers Foods, Inc.*, No. 17-cv-02580-JLS-JLB, 2019 U.S. Dist. LEXIS 203568, at *50 (S.D. Cal. Nov. 22, 2019) (finding that where defendants have not asserted an advice-of-counsel defense, maintaining the attorney-client privilege would only deny plaintiffs relevant, not vital, information).

For the foregoing reasons, the Court finds that Defendants have waived the attorney-client privilege as to communications regarding the classification of employees under the MCA exemption to overtime wages.[12]

**B. Temporal Scope**.

The next matter the Court shall address is the temporal scope of the waiver. The crux of this issue is whether an implied waiver of the attorney-client privilege due to advice rendered by ***opinion counsel*** necessarily extends to ***trial counsel***.

Plaintiffs contend that advice rendered by opinion counsel does necessarily extend to trial counsel. (Doc. 195 at 9–13.) To support their assertion, Plaintiffs rely on *United Specialty Ins. Co. v. Dorn Homes, Inc.*, 334 F.R.D. 542 (D. Ariz. 2020) and a number of

---

[11]    However, this finding is solely related to Defendants' classification of employees under the MCA exemption to overtime wages. *See infra* section V.C.
[12]    *See infra* section V.C.

- 12 -

out-of-district cases. (*Id.*) Defendants contend that advice rendered by opinion counsel does not necessarily extend to trial counsel because Defendants have not "relied upon any advice from Sacks Tierney or Fennemore." (Doc. 198 at 7–12.) Furthermore, Defendants assert that none of the cases Plaintiffs have cited support their assertion that advice rendered by opinion counsel does extend to trial counsel. (*Id.* at 10–12.)

Regarding the temporal scope of the waive, this Court joins those within the District of Arizona, and those throughout the Ninth Circuit, that have found "that a temporal limitation is not appropriate."[13] *United Specialty Ins. Co.*, 334 F.R.D. at 547; *McCormick-Morgan, Inc. v. Teledyne Indus.*, 765 F. Supp. 611, 613 (N.D. Cal. 1991) ("However, under the law this court finds persuasive, and in light of policy considerations, it is not appropriate thereafter for the waiving parties or judge to limit the waiver on a temporal basis."); *Chiron Corp. v. Genentech, Inc.*, 179 F. Supp. 2d 1182, 1188 (E.D. Cal. 2001) ("While there is some authority that cuts off the waiver at time of the filing of the action, the better authority requires that all communications, both pre and post-complaint filing, should be disclosed."); *Disney Enters. v. Vidangel Inc.*, No. CV 16-4109-AB (PLAx), 2019 U.S. Dist. LEXIS 240877, at \*22–23 (C.D. Cal. Feb. 26, 2019) (refusing to limit the waiver to communications issued before the filing of the case, and noting that "plaintiffs [were] entitled to any communications . . . between [defendant] and any attorney relating to the legality . . . ***whether or not those communications confirm, contradict, qualify, update, or modify the opinions***" of pre-trial counsel) (emphasis added).

Specifically, the Court finds that a temporal limit is inappropriate in the instant case because the initiation of this action neither foreclosed Defendants' reliance on Zazueta's

---

[13]    Undersigned acknowledges that there is "conflicting authority on this issue[.]" *United Specialty Ins. Co.*, 334 F.R.D. at 546 (citation omitted). Some districts have found that the waiver "does not extend to litigation-related communications after the complaint is filed[.]" *Collaboration Props. v. Polycom, Inc.*, 224 F.R.D. 473, 476 (N.D. Cal. 2004) (citing *Dunhall Pharm., Inc. v. Discus Dental, Inc.*, 994 F. Supp. 1202, 1206 (C.D. Cal. 1998)); *Sharper Image Corp. v. Honeywell Int'l Inc.*, 222 F.R.D. 621, 644–45 (N.D. Cal. 2004) (stating that it was unlikely, by limiting the waiver to communications before the case was filed, that plaintiff would be deprived "of any of the relief to which it is entitled under the law."). Given the facts of this case, and considering the precedent in the District of Arizona, the Court shall not set a temporal scope on the waiver of the attorney-client privilege.

advice nor did it "form a clear cutoff of research and analysis that would inform [Defendants'] advice of counsel defense." *United Specialty Ins. Co.*, 334 F.R.D. at 547. As the Court noted during oral arguments, while Defendants assert that they relied upon the advice of Zazueta Law Firm in 2021 when it classified certain putative class members as exempt from FLSA overtime wages pursuant to the MCA, there is the possibility that either trial counsel rendered advice that confirmed, contradicted, updated, or modified the opinions of Zazueta Law. (Doc. 237.) Based on this possibility, and given Defendants' change of policy in December of 2025 regarding payment of overtime wages to certain categories of drivers, (doc. 195-2 at 193–97)—a change that occurred after the commencement of this action—it appears only fair that may seek discovery into whether either trial counsel provided any opinion on the AMC exemption that prompted such change.

Such a finding appears harmonious with other courts in the Ninth Circuit. Furthermore, this finding appears congruent with the Presiding Judge's decision in *Salazar*. In *Salazar*, the Presiding Judge determined whether an email communication between opinion and litigation counsel was related to the advice-of-counsel defense, necessitating its disclosure. *Salazar v. Driver Provider Phx. LLC*, No. CV-19-05760-PHX-SMB, 2022 U.S. Dist. LEXIS 96884, at *2 (D. Ariz. May 31, 2022). In finding that the communication was discoverable, the Presiding Judge specifically noted that "Plaintiffs' need to discover the information, out of fairness, overrides Defendants' interest in protecting its work product." *Id.* at *6–7. Just as was the case in *Salazar*, the Court finds that, out of fundamental fairness, Plaintiffs are entitled to discovery into communications from both advice and trial counsel.

"In sum, invoking the advice of counsel defense is not a painless decision or a free lunch. There are discovery consequences to such an assertion." *Chiron Corp.*, 179 F. Supp. 2d at 1189–90. By invoking the advice-of-counsel defense to rebut a finding of willfulness, Defendants have necessarily opened the door for Plaintiffs to test, with caveats,[14] whether

---

[14]     *See infra* section V.C.

- 14 -

they truly violated the FLSA based upon a good faith reliance on the advice of counsel. Such discovery should not be limited to advice rendered before this action commenced, because the alleged violation of the FLSA continued after this case began. Accordingly, the Court will not limit the waiver to advice rendered before this action commenced.

### C. Subject-Matter of the Waiver.

The next matter the Court shall consider is how broad the waiver of the attorney-client privilege is. As previously noted, the attorney-client privilege "may not be used both as a sword and a shield." *Chevron Corp.*, 974 F.2d at 1162. "[W]hen a client raises a claim or defense that puts protected information at issue, . . . the client also waives any attorney-client privilege that may have existed as to communications with counsel relevant to that claim or defense." *De Jesus Ortega Melendres v. Arpaio*, No. CV-07-2513-PHX-GMS, 2015 U.S. Dist. LEXIS 195873, at *12 (D. Ariz. May 14, 2015). "Under Federal Rule of Evidence 502, a waiver of privilege/immunity extends to all other documents on the same topic of a protected communication that the party selectively disclosed, or otherwise placed at issue, that should in fairness be considered along with the voluntary disclosure." *Id.* (citing Fed. R. Evid. 502).

While the waiver of the attorney-client privilege extends to all documents on the same topic as the protected communication, it would be "clear[] err[or] in finding a blanket waiver of the attorney-client and work product privileges as to the entire case." *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010). "[T]he court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it." *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003). "Because a waiver is required so as to be fair to the opposing side, the rationale only supports a waiver broad enough to serve that purpose." *Id.* In other words, the waiver of the attorney-client privilege is limited to the express subject-matter of the advice rendered by Defendants' business counsel, not to any communication or documentation related to litigation strategy.[15] *See In re Seagate Tech.,*

---

[15] The rational for this finding "is to prevent a party from using the advice he received as both a sword, by waiving privilege to favorable advice, and a shield, by asserting privilege to unfavorable advice," not to give Plaintiffs "unfettered discretion to rummage through [Defendants'] files and pillage all of their litigation strategies." *In re EchoStar*

*LLC*, 497 F.3d 1360, 1373 (Fed. Cir. 2007) ("fairness counsels against disclosing trial counsel's communications on an entire subject matter in response to [a party's] reliance on opinion counsel's opinion to refute a willfulness allegation."); *see also Disney Enters.*, 2019 U.S. Dist. LEXIS 240877, at *23 (limiting the waiver of the attorney-client privilege to the express topics counsel rendered advice on); *see also Calilung*, 2016 U.S. Dist. LEXIS 100292, at *17–18 (limiting the waiver to certain plants and expansion projects).

While Plaintiffs contend that by "placing reliance on legal advice at issue as a defense to willfulness and liquidated damages, JET has triggered a subject-matter waiver that extends to all communications, documents, and attorney work product bearing on" all alleged violations, (doc. 195 at 13–14), the Court disagrees. Defendants have only placed their reliance on the advice of counsel as to the MCA exemption to the FLSA's requirement of overtime wages at issue. (Doc. 195-2 at 75–78, 90–98, 143–44, 159, 189.) Because Defendants reliance on the advice of counsel is solely related to the MCA exemption, fairness only requires that the waiver of the attorney-client privilege relate to that subject matter.[16] Hence, Defendants and Movant[17] shall only be required to disclose communications and documentation that confirm, contradict, qualify, update, or modify the opinions of Zazueta Law Firm.

This holding shall include ***both*** disclosed and undisclosed communications and documentation that confirm, contradict, qualify, update, or modify the opinions of Zazueta Law Firm. "Indeed, 'district courts in the Ninth Circuit have routinely held that reliance on the advice of counsel defense waives work product protection for both undisclosed and disclosed documents and information.'" *United Specialty Ins. Co.*, 334 F.R.D. at 545 (quoting *Adidas Am., Inc. v. Payless Shoesource, Inc.*, No. CV 01-1655-RE, 2006 U.S. Dist. LEXIS 79154, at *6–7 (D. Or. Oct. 19, 2006)). "Fairness requires that Plaintiffs be given the opportunity to fully test the legitimacy of Defendants' advice of counsel defense, Fed. R. Evid. 502(a), which involves permitting Plaintiffs inquiry into the basis and facts

*Communs. Corp.*, 448 F.3d 1294, 1303 (Fed. Cir. 2006).

[16] Of course, if Defendants intend to rely upon the advice-of-counsel defense as to other matters, they will have waived the attorney-client privilege as to those matters.

[17] *See infra* section V.D.

surrounding the advice provided by counsel, not just those materials that communicated the advice to Defendants." *Melendres*, 2015 U.S. Dist. LEXIS 195873, at *19. Therefore, Defendants and Movant shall provide disclosed and undisclosed communications and documentation that confirm, contradict, qualify, update, or modify the opinions of Zazueta Law Firm.

### D. Request for Sanctions.

The final matter the Court shall address is Movant's requests for sanctions and for denial, or, in the alternative, reduction of the subpoena's scope. Pursuant to Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.*

Rule 45(d)(1) sanctions are discretionary. *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1185 (9th Cir. 2013). "[W]hile failure [to] narrowly . . . tailor a subpoena may be a ground for sanctions, the district court need not impose sanctions every time it finds a subpoena overbroad; such overbreadth may sometimes result from normal advocacy, which . . . should not give rise to sanctions." *Id.* "A court may, however, impose sanctions when a party issues a subpoena in bad faith, for an improper purpose, or in a manner inconsistent with existing law." *Id.* "when considering Rule 45(d) sanctions, we have put more emphasis on the recipient's burden than on the issue's motives." *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 101 (D. Ariz. 2022) (quoting *Legal Voice*, 738 F.3d at 1186).

Here, the Court does not find that Plaintiffs' actions in issuing the subpoena warrant sanctions under Rule 45(d)(1). Although, as discussed below, the Court finds the instant subpoena to be slightly overbroad, such overbreadth does not warrant imposition of sanctions. Additionally, the Court does not find that the subpoena was issued in bad faith, was for an improper purpose, or in a manner inconsistent with existing law. Although Plaintiffs could have sought to adjudicate the implied waiver issue before issuing the

subpoena, they were not obligated to do so. Moreover, while it is possible that Movant did provide Fennemore with all documents and communications regarding its representation of Defendants, there is also the possibility that communications regarding the advice received by Zazueta Law Firm on the MCA exemption may not have been transferred to Fennemore. Hence, the Court does not find fiscal sanctions warranted here.

Although monetary sanctions are unwarranted, the Court does find that the subpoena should be narrowed. Pursuant to Rule 45, the Court may modify a subpoena that subjects a party to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). "Non-parties are entitled to special consideration when it comes to subpoena requests under Rule 45." *In re Subpoenas for Deposition Testimony of Dr. Bruce Bethancourt*, No. MC-23-00038-PHX-JJT, 2023 U.S. Dist. LEXIS 194813, at *3 (D. Ariz. Oct. 31, 2023) (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)). "The proper way to afford this special consideration is to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Aquastar Pool Prods. v. Paramount Pool & Spa Sys.*, No. CV-19-00257-PHX-DWL, 2019 U.S. Dist. LEXIS 8273, at *6 (D. Ariz. Jan. 16, 2019) (citation omitted).

The Court considers the value of the information sought to Plaintiffs compared to the burden upon Movant. Regarding the value to Plaintiffs, the Court notes that information into the advice rendered by trial counsel may prove vital to rebutting Defendants' reliance upon the advice-of-counsel defense. Hence, any communication or document created by Movant that confirms, contradicts, qualifies, updates, or modifies the opinions of Zazueta Law Firm would be highly relevant in the instant action.

Regarding undue burden, Movant asserts that the subpoena "has caused Sacks Tierney significant and unnecessary burden, lost time, and expense." (Doc. 197 at 4.) While the Court does acknowledge that, by requiring Movant to comply with the subpoena, the Court will have caused a fiscal and time burden upon Movant. However, the Court finds that requiring Movant to comply with a modified subpoena will correctly balance the scale between Plaintiffs' discovery rights and Movant's valid concerns. Specifically, the Court

shall limit the subpoena's commands for production to communications and documents that Movant has not provided to Fennemore when Defendants switch trial counsel. This shall include disclosed and undisclosed communications and documents.[18]

## VI.    CONCLUSION.

In total, Defendants' assertion of an advice-of-counsel defense related to Zazueta Law Firm's 2021 advice on the MCA exemption to the FLSA's overtime wage requirement has affected a narrow waiver of the attorney-client privilege with Defendants' current and former trial counsel. Absent Defendants' withdrawal of the advice-of-counsel defense, fairness dictates that Plaintiffs be permitted to seek limited discovery to test whether Defendants did, in good faith, believe that their acts complied with the FLSA. This finding is of course limited to communications and documentation regarding the MCA exemption. In short, Defendants cannot both wield the advice of counsel 'sword' and the attorney-client privilege shield.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Compliance with Third-Party Subpoena and Discovery Obligations (doc. 195) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants, on or before **MAY 22, 2026**, may either withdraw the advice-of-counsel defense as to Zazueta Law Firm's 2021 advice or produce any disclosed and undisclosed communications and documentation that confirm, contradict, qualify, update, or modify Zazueta Law Firm's 2021 advice on the MCA exemption. This shall include communications and documentation created or issue after the commencement of this action.

**IT IS FURTHER ORDERED** that Movant's request for Rule 45(d)(1) sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' third-party subpoena upon Movant is **MODIFIED**. Movant shall provide any disclosed and undisclosed communications and documentation that confirm, contradict, qualify, update, or modify Zazueta Law Firm's

---

[18]    *See supra* section V.C.

2021 advice on the MCA exemption that have not been provided to Defendants current trial counsel. Movant shall do so on or before **MAY 22, 2026**.

**IT IS FURTHER ORDERED** that, if the parties disagree over whether a communication or document falls under the narrow attorney-client waiver, they shall submit the document for *in camera* review by this Court.

Dated this 6th day of May, 2026.

Honorable John Z. Boyle
United States Magistrate Judge

- 20 -