**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

William McGhee, et al.,

Plaintiffs,

v.

J.E.T. Limousines & Transportation LLC, et al.,

Defendants.

No. CV-24-03394-PHX-DJH

**ORDER**

Pending before the Court are several discovery disputes submitted by the parties via email and on the docket.[1] These disputes involve several discrete discovery matters, including Technology Assisted Review ("TAR") protocols, unilateral redactions based on relevancy and trade secrets, and whether Rule 23-focused discovery in this matter should be stayed pending the Presiding Judge's decision upon Plaintiffs' Motion for Class Certification.

Considering the parties' written submissions and oral arguments conducted on September 30, 2026, the Court shall order as follows. First, Defendants' request to stay Rule 23 discovery pending class certification is denied. Second, regarding Electronic Stored Information ("ESI") search terms four and nine, given the parties' agreement at oral argument, the Court shall order Defendants to complete their TAR review within ten days and provide Plaintiffs with their findings within this time, including the production of the TAR validation metrics. Third, regarding TAR protocols in this action, the Court shall set

[1] Discovery matters in this action have been referred to this Court by the Presiding United States District Judge. (Doc. 55.)

a 75-day deadline to complete TAR review—a deadline that may be extended upon request—without setting a presumptive recall rate at this time. Fourth, the Court will permit Defendants to redact truly irrelevant information and trade secrets at this time with the following caveat: Plaintiffs are permitted to select up to seven documents that the Defendants will provide to Plaintiffs for attorneys' eyes only to ensure that irrelevant matter is being redacted—a text string shall be considered a document for this purpose. If relevant material is found to be redacted, Plaintiffs may re-raise their objection to Defendants' unilateral relevancy redactions. Finally, given that Plaintiffs' request for *in camera* review of nine documents appears to be related to the narrow advice-of-counsel waiver contained within this Court's May 6, 2026 Order, the Court shall review these documents *in camera*.

## I. Background.

On November 29, 2024, Plaintiffs initiated this Fair Labor Standards Act ("FLSA") class-action suit. (Doc. 1.) Plaintiffs allege that Defendants violated the FLSA and Arizona wage-and-hour laws by failing to pay overtime to non-exempt putative class members,[2] unlawfully retaining customer-paid gratuities, and failing to maintain required payroll and time records. (Doc. 59 at 2–3.) Plaintiffs aver that the aforementioned violations of the FLSA and Arizona labor laws have occurred since at least 2021. (*Id.* at 2.)

Since initiating this action, the parties have engaged in substantial discovery on Plaintiffs' claims in this action. On several occasions, the parties have sought undersigned's assistance on discovery matters, including on trade secret protections over broker and corporate contact names, the implementation of TAR in this action, and potential waiver of the attorney-client privilege as to the Motor Carrier Act ("MCA") exemption to the FLSA's overtime wage requirement. (Docs. 182, 245, 246.) Beyond their push for full discovery, the parties have had a conditional class certified and have proceeded to fully brief Plaintiffs' Motion for Class Certification (Docs. 144, 227, 269, 283.)

[2] "Plaintiffs and Class Members are current and former employees of Defendants who work or have worked for Defendants as chauffeur drivers." (Doc. 59 at 2.)

## II. THE PARTIES' REQUESTS.

The instant discovery disputes have arisen due to the aforementioned procedural record. To simplify the matters in the dispute, the Court shall briefly summarize each dispute in question and provide each party's position.

### 1. **Defendants' Request to Stay Rule 23 Discovery**.

In the first dispute, Defendants seek a protective order staying discovery related to claims asserted on behalf of the proposed Rule 23 classes and defer depositions of Defendants' senior leadership pending class certification, while permitting discovery to continue as to the opt in Plaintiffs' individual claims. *Defendants' Motion for Protective Order and Temporary Stay of Class-Discovery* ("*Motion for Protective Order*"). Plaintiffs oppose this request because it would merely delay necessary merits discovery in this matter, and, in any event, would prejudice Plaintiffs. (Doc. 317.)

### 2. **Plaintiffs' Request to Compel Production of Documents Related to ESI Search Terms Nos. Four and Nine**.

In the second dispute, Plaintiffs request the Court order Defendants "to complete, within 5 business days of the order on this matter, production of the ESI for Search Terms 4 and 9 through the TAR process and provide the validation and quality-control metrics, including recall rate." (Doc. 311 at 2–3.) Plaintiffs request the Court set a deadline because Defendants "ha[ve] repeatedly supplied production dates only to miss them." (*Id.* at 2.) Defendants, in their written response, note that production has been delayed because they have had to engage in manual review of the documents after they have been run through TAR to obtain a higher recall rate. (Doc. 316 at 8–9.)

### 3. **Plaintiffs' Request to Set Metrics and Deadlines Regarding Defendants' TAR Review**.

In the third discovery dispute, Plaintiffs contend that Defendants proposed TAR protocol with a recall rate between 70–80% is unworkable because too many relevant documents would not be produced. (Doc. 311 at 8.) Consequently, Plaintiffs request the Court set a 90–95% TAR recall rate and set a 60-day deadline to complete TAR review.

(*Id.* at 8–9.) Defendants contend that such a high recall rate would be untenable, unworkable, and is unsupported by the Federal Rules of Civil Procedure which do not require perfection in discovery. (Doc. 316 at 5–9.)

**4. Plaintiffs' Request to Compel Defendants to Un-Redact Documents that Were Unilaterally Redacted Based on Relevancy and Trade Secret Review**.

In the fourth discovery request, Plaintiffs request the Court prohibit Defendants from unilaterally redacting documents and text strings that have been produced to Plaintiffs. (Doc. 311 at 4–5.) Specifically, Plaintiffs request that the Court prohibit Defendants from redacting matters based upon a unilateral relevancy review and because the materials contain customer fields. (*Id.*) Defendants respond that they are purely redacting matters for relevancy and based upon this Court's Protective Order (doc. 182) and have provided Plaintiffs' with a relevancy log. (Doc. 316 at 2–4.)

**5. Plaintiffs' Request for the Production of Charge Item Booking Analysis Pursuant to Request for Production ("RFP") No. 30**.

In the fifth discrete discovery dispute, Plaintiffs request that the Court compel the production of the Fasttrak charge item booking data. (Doc. 311 at 6–7.) Defendants assert that the instant request is moot due to their supplemental response to RFP 30 provided to Plaintiffs on September 24, 2026. (Doc. 316 at 4.)

**6. Plaintiffs' Request for In Camera Review of Nine Documents Related to the Limited Advice-of-Counsel Waiver Related to the MCA Exemption to the FLSA**.

The final request relates to an emailed discovery request by Plaintiffs, wherein they seek an *in camera* review of nine documents that may fall under the narrow attorney-client waiver established in this Court's May 6, 2026 Order (doc. 246). Defendants challenge Plaintiffs request given that Plaintiffs have appealed to that order to the Presiding Judge. Plaintiffs retort that the instant documents in question relate the narrow advice-of-counsel MCA exemption this Court found, which they do not contend was in error in their appeal.

//

## III. LEGAL STANDARDS.

"The purpose of discovery is to make trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible,' . . . and to narrow and clarify the issues in dispute." *U.S. Equal Emp. Opportunity Comm'n v. ABM Indus.*, 261 F.R.D. 503, 506 (E.D. Cal. 2009) (quoting *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). In theory, the discovery process "should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). However, where theory does not reflect realty, parties may seek court intervention to get the discovery process back on track.

The court has broad discretion regarding whether to permit or deny discovery via a motion to compel. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Generally, discoverable evidence is "any nonprivileged matter that is relevant[3] to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

While a party's right to discovery is broad, that does not mean that it is limitless. *See* Fed. R. Civ. P. 26(b)(2). Courts will limit discovery where:

> (a) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii).

## IV. DISCUSSION.

### 1. Stay of Discovery.

Because Defendants have not met their burden of establishing a need for a stay,[4]

---

[3] Evidence is considered relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further, a court may exclude relevant evidence where its probative value is substantially outweighed by the danger of confusing the issue in the present case. Fed. R. Evid. 403.

[4] Plaintiffs, in their Response, argue that the requested stay is outside of this Court's jurisdiction. The Court disagrees. *See, e.g.*, *Hanni v. Am. Airlines, Inc.*, No. C-08-00732 CW (EDL), 2009 U.S. Dist. LEXIS 49338, at *20 (N.D. Cal. May 27, 2009) ("Magistrate judges have broad discretion to stay discovery pending decisions on dispositive motions,

their request is denied.

"The district court has wide discretion in controlling discovery." *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "Rule 26(c)(1) provides in pertinent part that 'the court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden or expense.'" *Nat'l Union Fire Ins. Co. v. Res. Dev. Servs.*, No. C 10-01324 JF (PVT), 2010 U.S. Dist. LEXIS 105100, at *4 (N.D. Cal. Sep. 17, 2010) (cleaned up) (citing Fed. R. Civ. P. 26(c)(1)). "A party may seek a protective order that stays discovery pending resolution of a potentially dispositive motion." *Mlejnecky v. Olympus Imaging Am., Inc.*, No. 2:10-cv-02630 JAM KJN, 2011 U.S. Dist. LEXIS 16128, at *16 (E.D. Cal. Feb. 7, 2011) (citing *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002)).

"A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). In determining whether to grant a stay during the pendency of a potentially dispositive motion courts may consider the following *Pacific Lumber* factors: "(1) a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; (2) the court must consider whether the pending dispositive motion can be decided absent additional discovery." *Smith v. Levine Leichtman Capital Partners, Inc.*, No. C 10-00010 JSW, 2011 U.S. Dist. LEXIS 161425, at *5 (N.D. Cal. Feb. 11, 2011) (quoting *Pac. Lumber Co v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 352 (N.D. Cal. 2003)).

Based upon the foregoing precedent, Defendants have not met their heavy burden of establishing the need for a stay here. First, as Plaintiffs aptly note, the discovery that they seek is not just tied to class certification and the requisites of Rule 23. Rather, the discovery goes to the heart of their case-in-chief. That is, the discovery requested is merits discovery relevant to both the individual opt-in Plaintiffs' claims and the claims of the

---

including motions for summary judgment.").

prospective class as a whole. Consequently, Defendants' request fails on the first *Pacific Lumber* factor given that the Motion for Class Certification is not dispositive on the issue in which discovery is directed—*i.e.*, the merits of the case.

Second, regardless of whether the requested discovery is merits discovery or discovery related to Rule 23 certification, the Court finds that granting a stay would prejudice Plaintiffs. "Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into basic issues of the litigation." *Gray*, 133 F.R.D. at 41. Thus, "[a]n order staying discovery pending class certification would be unworkable" and "impractical," *see id.*, because it would delay work that would already need to occur. *See Fleming v. Matco Tools Corp.*, No. 19-cv-00463-WHO, 2020 U.S. Dist. LEXIS 206491, at *16 (N.D. Cal. Nov. 3, 2020). Moreover, during the pendency of a stay, evidence may become stale, and people's recollections of events may weaken. *See Whitfield v. Nev. State Pers.*, No. 3:20-cv-00637-MMD-WGC, 2022 U.S. Dist. LEXIS 9253, at *18 (D. Nev. Jan. 18, 2022) ("With the passage of time, memories will likely fade, evidence may become stale, and witnesses may be harder to locate."); *see also I.K. v. Sylvan Union Sch. Dist.*, 681 F. Supp. 2d 1179, 1193 (E.D. Cal. 2010) ("Another form of potential damage to Plaintiffs if this case is stayed is the inability, during the stay, to conduct timely discovery[.]")

Consequently, Defendants' request for a stay is denied.[5]

**2. ESI Search Terms Nos. Four and Nine**.

During oral argument, the parties came to an agreement on the instant dispute. Accordingly, the Court shall grant the instant request as modified. Specifically, Defendants, within ten days of this Order, shall finish the TAR review for ESI search terms four and nine, and shall provide their findings to Plaintiffs. Their submission to Plaintiffs shall also include the validation metrics for the review, including the recall rate.

---

[5] Two subsidiary notes. First, Defendants have noted during oral argument that most of the written discovery envisioned in this action has already been disclosed, rendering the requested stay somewhat unnecessary. Second, this Order does not preclude the parties from meeting and deciding on how far into the future they may wish to conduct the three to ten envisioned depositions in this matter.

**3. TAR Protocol.**

For the following reasons, the Court shall not, at this time, interject itself into the TAR process.

"Perfection in ESI discovery is not required; rather a producing party must take reasonable steps to identify and produce relevant documents." *Alivecor, Inc. v. Apple, Inc.*, No. 21-cv-03958-JSW, 2023 U.S. Dist. LEXIS 30520, at *4 (N.D. Cal. Feb. 23, 2023) (citation omitted); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013) ("The discovery process relies upon the good faith and professional obligations of counsel to reasonably and diligently search for and produce responsive documents[.] However, while parties must impose a reasonable construction on discovery requests and conduct a reasonable search when responding to the requests, the Federal Rules do not demand perfection.") (cleaned up).

At the current juncture, there is insufficient evidence to conclude that a TAR recall rate of 70–80% is deficient, especially given that it is not out-of-the-ordinary to have such a TAR recall rate in federal litigation. *See Alivecor*, 2023 U.S. Dist. LEXIS 30520, at *4 ("The parties exchanged drafts of such a protocol and agreed upon a recall rate of 70%."); *see also Lawson v. Spirit Aerosystems*, No. 18-1100-EFM-ADM, 2020 U.S. Dist. LEXIS 64381, at *22 (D. Kan. Apr. 9, 2020) ("A court should take into account the facts and circumstances of each case to determine whether a particular recall rate is reasonable, but recent guidance suggests that rates of 75–85% are appropriate in many cases.") (citations omitted); *In re Insulin Pricing Litig.*, No. 23-md-3080 (BRM) (RLS), 2025 U.S. Dist. LEXIS 70494, at *48 (D.N.J. Apr. 11, 2025) ("Considering the dynamic nature of discovery, the Court finds Express Scripts's commitment to target a reasonable and proportional recall rate of 70% or higher sufficiently reasonable at this stage of the process."). In short,

> Litigation is not a game. It is the time-honored method of seeking the truth, finding the truth, and doing justice[.] In keeping with these principles, this Court is of the view that there is nothing so exceptional about ESI production that should cause courts to insert themselves as super-managers of the parties' internal review processes, including training of TAR software, or to

> permit discovery about such process, in the absence of evidence of good cause such as a showing of gross negligence in the review and production process, the failure to produce relevant specific documents known to exist or that are likely to exist, or other malfeasance.

*Winfield v. City of N.Y.*, No. 15-CV-05236 (LTS) (KHP), 2017 U.S. Dist. LEXIS 194413, at *29–30 (S.D.N.Y. Nov. 27, 2017) (cleaned up).

Absent a showing of the failure to produce "relevant specific documents known to exist or that are likely to exist," "malfeasance," or "gross negligence," *Id.* at *30, the Court shall not interject itself into the TAR process. Instead, the Court will do the following. Defendants' deadline for completing its TAR review shall be 75 days from the date of this order. Should Plaintiffs find evidence that highly relevant documents have not been produced, gross negligence in the review, or malfeasance on the part of Defendants, then they may re-raise the issue of recall rate at a later date. Therefore, Plaintiffs' TAR protocol request is granted in part as to setting a deadline for the completion of Defendants' TAR review, but is otherwise denied at this time.

**4. Unilateral Redactions**.

The Court shall deny the instant request without prejudice, instead opting for a test-run of Defendants' relevancy log and relevancy redactions. As to matters governed by the Court's December 19, 2025 Order, wherein it found customer and broker names protected as trade secrets, *see* (doc. 182), the Court shall not require the un-redaction of documents containing this information.

Generally, courts within the Ninth Circuit "typically conclude that the unilateral redaction of documents on the ground that the producing party deems the information irrelevant is generally improper." *Found. For Glob. Sports Dev. v. U.S. Olympic Comm.*, No. 2:20-CV-04782 FMO (PVCx), 2021 U.S. Dist. LEXIS 252941, at *25 (C.D. Cal. June 24, 2021). Part of this reason is that it is rare that a document "contains only relevant information; and irrelevant information within an otherwise relevant document may provide context necessary to understand the relevant information." *Doe v. Trump*, 329 F.R.D. 262, 276 (W.D. Wash. 2018). Moreover, "[a] bright-line no redactions for relevancy

rule is easy to enforce, while a party's selective redactions for relevancy breed suspicion and may lead to litigation over matters that may ultimately prove to be entirely unrelated to the case." *Found. For Glob. Sports Dev.*, 2021 U.S. Dist. LEXIS 252941, at *26 (citation omitted). However, courts have permitted redactions where matter is truly irrelevant to the case at hand. *See Fed. Trade Comm'n v. AMG Servs.*, 291 F.R.D. 544, 557 (D. Nev. 2013) (permitting redaction of bank records "to reveal transactions relating to any payday loan only is proper" in a case involving deceptive payday loan practices); *see also Nazar v. Harbor Freight Tools USA Inc.*, No. 2:18-cv-00348-SMJ, 2019 U.S. Dist. LEXIS 232999, at *6–7 (E.D. Wash. Dec. 27, 2019) (permitting redactions, including redactions based upon relevancy, where the party seeking their removal failed to put forth sufficient justification to have the redactions removed).

Because "[d]istrict courts appear to be split on the issue of whether a party may unilaterally redact material that the party deems to be nonresponsive or irrelevant from an otherwise responsive document," *Trump*, 329 F.R.D. at 275 (citations omitted), and given the representations of Defendants at oral argument—wherein they assert that the redactions are truly of irrelevant matters including discussions between Defendant Jinks and his mother—the Court shall proceed as follows: Plaintiffs may select seven documents on Defendants' relevancy log to review for attorneys' eyes only to test whether irrelevant matter is all that is redacted. Thereafter, if it does appear that Defendants' unilateral redactions include relevant information, the Court may then withdraw Defendants' permission to unilaterally redact documents based on relevancy. This of course does not touch open privileged and confidential matters covered by the Presiding Judge and this Court's prior rulings and protective orders. Those matters will remain privileged and protected, meaning that their redactions need not be removed for the instant test. *See Saint Alphonsus Med. Ctr.-Nampa, Inc. v. Saint Luke's Health Sys.*, 2015 U.S. Dist. LEXIS 18932, at *6 (D. Idaho Feb. 13, 2015) ("Compelling reasons exist to redact trade secrets.") (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); *see also E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 1:17-cv-

00808-DAD-EPG, 2018 U.S. Dist. LEXIS 145608, at *7 (E.D. Cal. Aug. 24, 2018) ("The potential release of trade secrets can constitute a compelling basis to seal or redact a document.").

**5. RFP 30**.

Given that the parties agreed at oral argument that the instant dispute is moot, *see* (doc. 320), the Court shall deny Plaintiffs' request as moot.

**6. *In Camera* Review**.

Given that the parties disagree whether the nine documents in question fall under the narrow advice-of-counsel waiver as to the MCA exemption to the FLSA's overtime wage requirement, the Court finds that Plaintiffs have created "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1075 (9th Cir. 1992). Consequently, the Court finds that *in camera* review of the nine documents in question is warranted here. *See Fid. Nat'l Fin., Inc. v. Nat'l Union Fire Ins. Co.*, No. 09cv140-AJB (KSC), 2012 U.S. Dist. LEXIS 198594, at *7 (S.D. Cal. May 30, 2012) (noting that "in camera review of documents [is] appropriate when necessary to determine if communications are privileged") (citing *Fed. Sav. & Loan Ins. Corp. v. Ferm*, 909 F.2d 372, 374 (9th Cir. 1990)).

**V. CONCLUSIONS**.

For the foregoing reasons, Plaintiffs' request for discovery (doc. 311) is granted in part and denied in part, their request for *in camera* review of nine documents is granted, and Defendants' request for a stay is denied.[6]

//

[6] As a final matter, the Court shall grant Plaintiffs' "Motion to File Exhibit 11 to the September 18, 2026 Declaration of Michael Licata Under Seal" ("Motion to Seal") (doc. 313.) The Court shall do so because the District Court granted a Protective Order which rationally covers these documents. *See* (doc. 43.) Hence, the District Court has, *ipso facto*, determined that good cause exists to protect these documents. *See, e.g.*, *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1214 (9th Cir. 2002) ("When a court grants a protective order for information produced during discovery, it already has determined that "good cause" exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.").

Accordingly,

**IT IS ORDERED** that Plaintiffs discovery requests, including those contained in (doc. 311), are **GRANTED IN PART AND DENIED IN PART** as follows:

1. Plaintiffs' request for the production of documents related to ESI search terms no. four and nine is **GRANTED AS MODIFIED**. Defendants, within **TEN DAYS** of this Order, shall finish the TAR review for ESI search terms four and nine, and shall provide their findings to Plaintiffs. Their submission to Plaintiffs shall also include the validation metrics for the review, including the recall rate;
2. Plaintiffs request regarding the TAR protocol in this action is **GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART** for the reasons stated herein. Specifically, Defendants' deadline for completing its TAR review shall be **75 DAYS** from the date of this order. Should Plaintiffs find evidence that highly relevant documents have not been produced, gross negligence in the review, or malfeasance on the part of Defendants, then they may re-raise the issue of recall rate at a later date;
3. Plaintiffs' request regarding unilateral redactions for relevancy is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein. Specifically, Plaintiffs may select **SEVEN** documents on Defendants' relevancy log to review for ***ATTORNEYS' EYES ONLY*** to test whether irrelevant matter is all that is redacted. Thereafter, if it does appear that Defendants' unilateral redactions include relevant information, the Court may then withdraw Defendants' permission to unilaterally redact documents based on relevancy. However, Plaintiffs' requests pertaining to the redaction of trade secret matter is **DENIED**;
4. Plaintiffs request for the production of documents related to RFP 30 is **DENIED AS MOOT**; and
5. Plaintiffs' request for *in camera* review of nine documents is **GRANTED**. Defendants shall provide the nine documents to the Court *ex parte* and under seal for *in camera* review.

**IT IS FURTHER ORDERED** that Defendants' request for a protective order staying Rule 23 discovery pending the Presiding Judge's order on Plaintiffs' Motion for Class Certification is **DENIED** for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal (doc. 313) is **GRANTED**. The Clerk of Court is kindly directed to file (doc. 314) **UNDER SEAL**.

Dated this 2nd day of October, 2026.

Honorable John Z. Boyle
United States Magistrate Judge